UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **HENRY DYKES** | **CIVIL ACTION NO. 08-0544** |
| **VS.** | **SECTION P** |
| **TIM WILKINSON, WARDEN** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Henry Dykes, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2254) on April 14, 2008. Petitioner attacks his 2002 sexual battery convictions in the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

Petitioner was charged with three counts of sexual battery (La. R.S.14:43.1) in the Fourth Judicial District Court, Ouachita Parish. Petitioner retained counsel, Mr. Charles Cook of Monroe. On October 29, 2002, petitioner was found guilty as charged. On December 6, 2002, petitioner was sentenced to serve concurrent and consecutive sentences totaling 20 years. Petitioner's Motion to Reconsider sentence was denied.

Petitioner filed a motion to appeal his conviction and sentence to the Second Circuit Court of Appeals and retained appellate counsel for that purpose, Mr. Randy S. Kravis of Los

Angeles California. [doc. 1-3, p. 8; see also doc. 1-4, pp. 26-34 and pp. 35-58 Original Appeal Brief and Reply Brief on Appeal.[1]] On March 3, 2004, the Second Circuit affirmed petitioner's conviction and sentence. *State of Louisiana v. Henry Dykes*, 38,092 (La. App. 2 Cir. 3/3/2004), 867 So.2d 908.

While the matter was pending on appeal, petitioner retained his third attorney, Mr. Kevin V. Boshea of Metairie, Louisiana. Through counsel, petitioner filed an application for writs in the Louisiana Supreme Court. On September 24, 2004, the Louisiana Supreme Court denied writs. *State of Louisiana v. Henry Dykes*, 2004-0847 (La. 9/24/2004), 882 So.2d 1169. Petitioner did not seek further direct review in the United States Supreme Court. [doc. 1, ¶6(d)]

On September 5, 2006, petitioner, through retained counsel, Mr. Boshea, filed an Application for Post-Conviction Relief in the Fourth Judicial District Court. [doc. 1, ¶7(b)(iii); see also doc. 1-3, p. 9; doc. 1-4, pp. 1 and 4-25][2] Petitioner's sentencing claim was denied on procedural grounds by the trial court on September 21, 2006; the remaining claims were denied on the merits on January 10, 2007. [doc. 1-3, p. 9; doc. 1-4, pp. 1-3; doc. 1-3, pp. 46-49][3]

---

[1] Petitioner argued two Assignments of Error on Appeal: "(1) The trial court erred when it ruled alleged other crimes evidence admissible, thereby allowing evidence that appellant, Henry Dykes, had previously molested his two daughters. (2) Appellant Henry Dykes's sentence of twenty years imprisonment with hard labor was cruel, excessive and unusual given Mr. Dykes's special circumstances." [doc. 1-4, p. 42]

[2] Counsel averred that the September 5, 2006 application was his first application for post-conviction relief. [doc. 1-4, p. 5 at ¶16] He briefed and argued four claims for relief: "(1) The defendant was denied effective assistance of counsel at trial. (2) The defendant was denied effective assistance of counsel on appeal. (3) The responsive verdict of simple battery should have been each count, which proceeded to trial in this matter [sic]. (4) The consecutive sentences imposed in Counts One and Two arise from same continual course of conduct and thus, should not be the subject of consecutive sentences." [doc. 1-4, p. 12]

[3] In the judgment of September 21, 2006, the trial court dismissed the sentencing claim on procedural grounds, citing *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172, and La. C.Cr.P. art. 930.3 which provide that sentencing error may not be raised in an application for post-conviction relief. [doc. 1-4, pp. 1-3] The remaining claims were addressed on the merits and dismissed in a judgment signed on January 10, 2007. [doc. 1-3, pp. 46-49]

Petitioner, through Mr. Boshea, filed applications for writs in the Second Circuit Court of Appeal. [doc. 1-3, pp. 42-45, 50-56, 58-65] On December 21, 2006, and March 29, 2007, the Second Circuit denied writs. [doc. 1-3, p. 9; see also doc. 1-3, p. 24]

On January 19, 2007, petitioner, again through retained counsel, applied to the Louisiana Supreme Court for writs seeking review of a Second Circuit judgment under Docket Number KW 06-42052. That writ application was assigned Supreme Court Docket Number 07-KP-108. [doc. 1-3, pp. 23-40] On September 21, 2007, the Supreme Court denied writs. *State of Louisiana v. Henry Dykes*, 2007-0108 (La. 9/21/2007), 964 So.2d 332. [See also doc. 1-3, p. 41]

Meanwhile, on April 26, 2007, petitioner, through retained counsel, filed a second writ application in the Louisiana Supreme Court in the matter docketed as 2007-KP-0858. [doc. 1-3, pp. 2-22] On February 1, 2008, the Supreme Court denied writs. *State of Louisiana v. Henry Dykes*, 2007-0858 (La. 2/1/2008), 976 So.2d 709. [See also doc. 1-3, p. 1]

Petitioner, proceeding pro se, signed the cover letter accompanying his petition for writ of habeas corpus on March 26, 2008. [doc. 1, p.12] The pleading was mailed on April 11, 2008, [doc. 1, p. 13] and received and filed on April 14, 2008. Petitioner raises the following claims for relief: (1) improper jury charge; (2) illegal sentence; (3) use of "new law" to deny application for post-conviction relief; and (4) ineffective assistance of counsel. [doc. 1, pp. 2-6]

### *Law and Analysis*

*1. Time Bar*

Title 28 U.S.C. §2244(d)(1)(A) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the

judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[4]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction and sentence to the Second Circuit Court of Appeals. That court affirmed his conviction and sentence on March 3, 2004. See *State of Louisiana v. Henry Dykes*, 38,092 (La. App. 2 Cir. 3/3/2004), 867 So.2d 908. Petitioner, through retained counsel, timely sought further direct review in Louisiana's Supreme Court. That court denied writs on September 24, 2004. *State of Louisiana v. Henry Dykes*, 2004-0847 (La. 9/24/2004), 882 So.2d 1169. Petitioner did not seek further direct review in the United States Supreme Court. [doc. 1, ¶6(d)] Therefore, petitioner's judgment of conviction and sentence "became final by ...

---

[4] Nothing in the record before the court suggests that any State created impediments prevented the filing of this petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

the expiration of the time for seeking [direct] review" [28 U.S.C. § 2244(d)(1)(A)], ninety days following the Louisiana Supreme Court's judgment of September 24, 2004, or on or about December 24, 2004. See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) ("If the conviction does not become final by the conclusion of direct review, it becomes final by the expiration of the time for seeking such review ... [, and] this includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.") (internal quotation omitted, emphasis supplied).[5] Petitioner therefore had one year, or until December 24, 2005, to file his federal *habeas corpus* suit.

Petitioner cannot avail himself of the statutory tolling provision of 28 U.S.C. §2244(d)(2) because by the time he filed his first and only application for post-conviction relief on September 5, 2006, [see, doc. 1, ¶7(b)(iii); see also doc. 1-3, p. 9; doc. 1-4, pp. 1 and 4-25] the limitations period had already long expired and could not be revived by the filing of an application for post-conviction relief (even though the application was timely under Louisiana law) since any lapse of time before the proper filing of an application for post-conviction relief in state court must be counted against the one-year limitation period. See *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).

Since more than one un-tolled year elapsed between the date that petitioner's judgment of conviction became final and the date he filed the instant petition for writ of *habeas corpus*, the petition is time-barred by the provisions of 28 U.S.C. §2244(d).

## 2. Equitable Tolling

---

[5] Sup.Ct. R. 13.1 provides in pertinent part: "A petition for a writ of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

In fact, petitioner was represented by retained counsel throughout the trial, direct appeal, and post-conviction process. Even if his retained post-conviction counsel erroneously interpreted the law, that would not serve as warranting equitable tolling. See *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir.2002), *cert. denied*, 538 U.S. 947, 123 S.Ct. 1621, 155 L.Ed.2d 489 (2003). Further, "mere attorney error or neglect" is not an "extraordinary circumstance" warranting equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003).

### 3. Conclusion and Recommendation

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply. Dismissal is therefore recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED** and **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers at Monroe, Louisiana, this 21st day of May, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE